**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4064**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

CORNELIUS I. HAYES,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:12-cr-00046-HEH-1)

———————

Submitted:  August 9, 2013        Decided:  August 14, 2013

———————

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Robert J. Wagner, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Ivan Hayes pled guilty, pursuant to a plea agreement, to use of a firearm in a crime of violence causing the death of another person, in violation of 18 U.S.C. §§ 924(c), 924(j) (2006).  On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Hayes knowingly and voluntarily waived his right to appeal and whether the district court erred in applying a sentencing enhancement for reckless endangerment during flight. Hayes was informed of his right to file a pro se brief but has not done so.  The Government has filed a motion to dismiss this appeal on the ground that Hayes knowingly and intelligently waived the right to appeal his sentence and conviction.  For the reasons that follow, we dismiss in part and affirm in part.

In his plea agreement, Hayes waived the right to appeal his sentence and conviction, reserving only the right to appeal those issues that may not be waived by law.  "A defendant may waive the right to appeal . . . so long as the waiver is knowing and voluntary."  United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013), petition for cert. filed, ___ U.S.L.W. ___ (U.S. May 28, 2013) (No. 12-10514) (internal quotation marks omitted).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the

Fed. R. Crim. P. 11 colloquy and the record reveals that the defendant understood the full import of the waiver, the waiver is both valid and enforceable. Id. A review of the record reveals that the court determined Hayes was competent to plead guilty, had the opportunity to discuss his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Thus, we conclude that Hayes validly waived his right to appeal his sentence and conviction and that the sentencing claim raised on appeal falls within the scope of his waiver. Id. (providing standard).

Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Hayes's sentence and conviction as to any issue for which waiver is legally permissible, including the raised issue of reckless endangerment as a sentence enhancement. Although the waiver provision in the plea agreement precludes our review of most issues related to Hayes's sentence and conviction, the waiver does not preclude our review of any errors that may not be waived and that may be revealed by our review pursuant to Anders. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (naming issues not waived by appellate waiver). In accordance with Anders, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore deny in part the

Government's motion to dismiss and affirm Hayes's sentence and conviction on any grounds not encompassed by his knowing and intelligent appellate waiver.

This court requires that counsel inform Hayes, in writing, of his right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hayes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4